The opinion of the Court was afterwards delivered by
* Parsons, C. J.
The plaintiff insists that Richardson is [ * 96 ] Gill’s trustee, upon the following facts stated in his answer: —
The trustee held a note made bv Fullerton, endorsed by Kerr, *90 and by Gill as second endorser Kerr, the first endorser, became a bankrupt, and the trustee proved his debt, under the commission, arising on the note. He afterwards, and before a dividend was in fact made, demanded payment of the note of Gill, the defendant, who paid it. A dividend was then made of Kerr’s effects by the commissioners among the creditors, including the trustee’s claim, which had been proved ; the trustee being the legal assignee, under the commission of the bankrupt’s effects.
The plaintiff insists that the trustee, being assignee, must, immediately on making the dividend, be considered as receiving it, because he was both payer and payee; and having before received the amount due on his note from Gill, the dividend, or a part of Gill’s payment equal to it, must be money received to Gill’s use.
The trustee contends that his dividend should be divided among the other creditors of the bankrupt, and that Gill should be left to his remedy against Kerr, or prove his demand under the commission against Fullerton, the maker, who has since become bankrupt.
The case of sureties under the bankrupt laws, who are absolutely liable, but, having no cross security, cannot prove their claims, because they are not creditors at the time of the bankruptcy, is a very hard One. The remedy against the bankrupt is generally useless, unless to gratify resentment, or to harass an unfortunate debtor. To relieve a surety thus situated, as far as it can be done consistently with our bankrupt act, is to be desired. The holder of the note, if he does not call on his surety, until after he has received his dividend, must credit the surety with the amount of his dividend. But it is insisted that, if the holder demand and receive payment before the dividend be made, the surety can derive no benefit from it.
The surety certainly lies at the mercy of the holder of the note, whether he will prove his claim or not; or, if he has proved it, whether or not he will strike his name out of the [ * 97 ] * list of claims, and receive no dividend. But when a dividend has been made on his claim, the matter appears by our bankrupt law to be fixed. The claimant is entitled to his dividend, and no court is authorized to prevent his receipt of it, or to cause it to be distributed among the other creditors. As to the dividend, the commissioners are functi officio; they may make a second dividend, but they have no power over the first, (a)
In this case, Richardson, being assignee, has already received his *91 dividend; and the other creditors have no remedy against him to refund it. Having received it, he ought not to hold all the full payment he received of GUI, but must be considered as holding a part of it, equal to his dividend, for the use of Gill.
Richardson is, therefore, a debtor of Gill, and must be adjudged his trustee.

 [On petition to the Court in bankruptcy, the creditor’s demand proved may, when justice requires it, be expunged; and if he have received any dividend upon it, ne will, in such case, be ordered to refund it. Ex parte Burn. — Ex parte Dewdney, 2 Rose, 59, n. — Eden on Bankr. 3d ed. 376,7. — Ed.]